JORDAN v DEPARTMENT OF CORRECTIONS

Docket No. 116933. Submitted February 14, 1990, at Detroit. Decided April 4, 1990.

Ronald L. Jordan, a state prison inmate, petitioned the Wayne Circuit Court for judicial review of a Department of Corrections administrative hearing officer's determination that personal property consisting of six mirrors, a television antenna and a paper punch was properly confiscated from Jordan's cell. The court ordered a return of the items seized. The Department of Corrections subsequently promulgated an emergency administrative rule which prohibited prisoners from possessing personal property not specifically approved by the department director. Following an administrative hearing at which it was determined that a paper punch, mirrors or a television antenna were not listed in a policy directive as personal property which inmates may keep, Jordan was ruled not entitled to retain those items on the basis of the emergency rule. The department filed a motion in circuit court seeking relief from that court's prior order for return of the items seized. The court, Charles Kaufman, J., granted the motion. Petitioner Jordan appealed.

The Court of Appeals *held:*

1. In ruling on respondent's motion, the circuit court erred in considering an affidavit by a prison administrative assistant describing how the items in question could be used as weapons. The affidavit was not part of the record of the administrative hearings and thus should not have been considered. This error, however, is not a ground for reversal in view of other evidence similarly indicating how the items could be fashioned into weapons.

2. The circuit court did not err in relying upon the emergency administrative rule and the policy directive in making its ruling. The emergency rule and the policy directive were both

REFERENCES

Am Jur 2d, Administrative Law §§ 679, 697, 722, 747; Penal and Correctional Institutions §§ 13, 121.

See the Index to Annotations under Administrative Law; Prisons and Prisoners.

in effect at the time of the second administrative hearing in this case, were consistent, and could be applied together.

3. Contrary to petitioner's assertion, he was not entitled to possess the items in question under an administrative rule which was superseded by the emergency rule. Even if he was so entitled, prison authorities can, as they did in this case, make necessary adjustments to its rules and policies.

4. The circuit court's decision was not clearly erroneous as a matter of fact and law.

Affirmed.

1. Administrative Law — Administrative Hearings — Judicial Review.

Judicial review of an administrative hearing must ordinarily be confined to the record of the administrative hearing (MCL 24.304[3]; MSA 3.560[204][3]).

2. Administrative Law — Administrative Hearings — Judicial Review.

A reviewing court gives great deference to an agency's findings of fact at an administrative hearing and will uphold such findings if supported by competent, material and substantial evidence.

Ronald L. Jordan, in propria persona.

*Frank J. Kelley,* Attorney General, and *Linda M. Olivieri,* Assistant Attorney General, for Department of Corrections.

Before: Danhof, C.J., and Brennan and G. S. Allen,* JJ.

Per Curiam. Petitioner, a prison inmate, appeals as of right from a Wayne Circuit Court order relieving respondent, the Department of Corrections, from complying with a prior court order and affirming a ruling by respondent that the confiscation of certain personal property was proper. We affirm.

In September, 1987, various items were confis-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

cated from petitioner's cell. Petitioner protested the seizure of these items through respondent's grievance procedure. Some of the items were returned; however, six mirrors, a television antenna, and a paper punch were deemed contraband because they did not appear on a policy directive which listed items that prisoners were permitted to possess.

Petitioner filed a petition for judicial review, contesting the administrative hearing decision. On December 28, 1988, the trial court ordered that the items in question be returned to petitioner. The court held that, since petitioner bought the mirrors from the prison store and since respondent had not made a showing that the mirrors, antenna, and paper punch threatened the public health, security, order or housekeeping of the facility, the items must be returned. The court, however, noted in its opinion:

> Of course nothing in this opinion should be construed as implying that the Department could not seize and retain possession of these items upon an appropriate showing under the Rules. As of this date, however, no such showing has been made, and thus appellant is entitled to their possession.

At the time the trial court issued its opinion, petitioner was no longer housed in general population, but had been reclassified to administrative segregation.

In February, 1989, respondent initiated another administrative hearing concerning the items and ruled that petitioner was not entitled to retain them. In March, 1989, respondent filed a motion with the trial court for relief from the court's December, 1988, order. Respondent attached an affidavit of George Pennell, an administrative assistant at the prison, which described in detail how

the mirrors, antenna, and paper punch could be used as weapons.

The trial court subsequently granted respondent's motion on three alternative grounds. First, the court found that, under the prior Rule 637, 1979 AC, R 791.6637, respondent had made a satisfactory showing that the confiscated items could pose a security threat. Second, the court noted that Rule 637 had been superseded by Emergency Rule (4), which prohibits prisoners from possessing personal property such as the confiscated items which had not been specifically approved by the director. Finally, the court ruled that, since petitioner had been placed in administrative segregation, he was prohibited from possessing the confiscated items under both the new rules and specific policy directives.

Petitioner's first claim on appeal is that the circuit court erred by basing its decision on matters that were not part of the administrative hearing report. Petitioner argues that the trial court should not have considered the affidavit of George Pennell.

Although review of an administrative hearing must ordinarily be confined to the record of the administrative hearing, MCL 24.304(3); MSA 3.560(204)(3), we find that the error here is not a ground for reversal. The trial court did not rely exclusively on Pennell's affidavit for its conclusion that the confiscated items should not be returned. The court also cited a report from the administrative hearing to support its decision. The report set forth:

The U.H.F. T.V. antenna can be easily fashioned into a weapon. Also, a cable hookup is available in all cells at MBP [Marquette Branch Prison]. Mirrors and pieces of mirrors can easily be used as

weapons. All cells at [MBP] have a mirror installed in them. PD-BCF-53.01 does not list a two-hole punch as property prisoners are allowed to possess. The fact that these items were allowed in the past has no bearing on them now being classified as contraband.

We find that the administrative hearing report, by itself, was adequate to justify the confiscation of the goods.

Petitioner next claims that the trial court improperly relied on Emergency Rule (4) in granting respondent relief from the December, 1988, order. We disagree.

Emergency Rule (4) was developed in response to the severe inmate disciplinary problems plaguing respondent and became effective on October 3, 1988. It states: "A prisoner may keep only the personal property which is specifically authorized by the director as allowable for the security level in which the prisoner is housed." Policy Directive 53.01 became effective on September 16, 1985. It contains a list of thirty-two items, other than clothing, which prisoners may keep while in prison. It further states that any exception to the listed items must be approved in advance by the warden/superintendent. A paper punch is not included in the list.

The administrative hearing officer properly relied on Policy Directive 53.01 in finding that the paper punch was properly confiscated. Under the new Emergency Rule (4) only specifically authorized items were permitted in the cells. Since the paper punch did not appear on the list as a specifically authorized item delineated in Policy Directive 53.01, there was no impropriety in removing the paper punch or, for that matter, the mirrors and antenna which were also not on the list. It

does not matter that Policy Directive 53.01 became effective before Emergency Rule (4). The policy directive and the emergency rule were both in effect at the time of the hearing in February, 1989, and since they are consistent with each other they may be applied together. See *Jordan v Dep't of Corrections,* 165 Mich App 20, 27; 418 NW2d 914 (1987).

Petitioner also argues that, since he was entitled to possess the confiscated items under former Rule 637, he is entitled to maintain those items regardless of the promulgation of Emergency Rule (4). We disagree. Petitioner was not entitled to the confiscated items under the former rule because of their potential use as weapons. In addition, such a holding would be contrary to public policy because if petitioner's view were adopted, prison authorities would be powerless to make necessary adjustments to overcome the failures of past rules and policies.

Finally, petitioner claims that the trial court's decision was clearly erroneous as a matter of fact and law. We disagree. Reviewing courts must give great deference to the findings of fact at an administrative hearing. *THM, Ltd v Ins Comm'r,* 176 Mich App 772, 776; 440 NW2d 85 (1989). Based on our review of the entire record, the trial court's decision affirming the administrative agency's finding is supported by competent, material and substantial evidence. See *THM, supra.* Accordingly, we affirm.

Affirmed.